UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. CASTILLO, et al.,<br><br>　　　　Defendants. | Case No.: 1:22-cv-00002-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 3) |

　　　　Plaintiff Jared Andrew Martin is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff filed the instant action on January 3, 2022, along with a separate motion for appointment of counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

1

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not. The Court has yet to screen Plaintiff's complaint and cannot make a finding that Plaintiff is likely to succeed on the merits. However, based on a cursory review of the complaint, it appears that Plaintiff has adequately presented his claims. Accordingly, Plaintiff's motion for the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:  **January 10, 2022**

UNITED STATES MAGISTRATE JUDGE