|   |   |
|---|---|
| JARED ANDREW MARTIN, | ) Case No.: 1:22-cv-00002-DAD-SAB (PC) |
| Plaintiff, | ) |
| v. | ) FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS |
| D. CASTILLO, et al., | ) |
| Defendants. | ) (ECF No. 23.) |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

JARED ANDREW MARTIN,   )   Case No.: 1:22-cv-00002-DAD-SAB (PC)
      Plaintiff,   )
    v.   )   **FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS**
D. CASTILLO, et al.,   )
      Defendants.   )   (ECF No. 23.)

Plaintiff Jared Andrew Martin is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before is Plaintiff's motion for issuance of subpoenas, filed May 10, 2022. Plaintiff requests that the Court issue an order directing that his personal and legal property be returned to him. The Court construes Plaintiff's motion as a request for a preliminary injunction.

## I.

## LEGAL STANDARD

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other

1

authority-asserting measure stating the time within which the party serve must appear to defend.). Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the moving party "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted). "Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Section 3626(a)(2) also places significant limits upon a court's power to grant preliminary injunctive relief to inmates. "Section

3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." <u>Gilmore v. People of the State of California</u>, 220 F.3d 987, 999 (9th Cir. 2000).

## II.

## DISCUSSION

In his motion, Plaintiff requests that the Court issue an order directing that officials at the Madera County Jail release Plaintiff's personal and legal property to him.

As an initial matter, Plaintiff's case is in the preliminary screening stage, and the United States Marshal has yet to effect service on any Defendant, and Defendants have no actual notice. Therefore, the Court has no personal jurisdiction over any Defendant at this time. Fed. R. Civ. P. 65(d)(2); <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999); <u>Zepeda v. U.S. I.N.S.</u>, 753 F.2d 719, 727-28 (9th Cir. 1983). In addition, the Court cannot determine whether there is any likelihood of success on the merits of Plaintiff's claims. Furthermore, Plaintiff has not shown that he is likely to suffer irreparable harm in the absence of the court anting preliminary injunctive relief. Plaintiff's main concern appears to be that he wishes to continue litigation "unhindered." (ECF No. 23.) However, Plaintiff has not alleged how this could cause him harm, let alone harm that is likely and irreparable. <u>Winter</u>, 555 U.S. at 20. Indeed, the Court notes that there are currently no pending deadlines in this case as the first amended complaint has not yet been screened. Accordingly, Plaintiff's motion for a preliminary injunction must be denied.

## III.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction, filed on May 10, 2022 (ECF No. 23), be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

3

Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 12, 2022**

UNITED STATES MAGISTRATE JUDGE