UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. CASTILLO, et al.,<br><br>　　　　Defendants. | Case No.: 1:22-cv-00002-SAB (PC)<br><br>SECOND SCREENING ORDER GRANTING PLAINTIFF ONE FINAL OPPORTUNITY TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 19) |

Plaintiff Jared Andrew Martin is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's amended complaint, filed March 14, 2022.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

The bulk of Plaintiff's 22-page amended complaint is rambling, incoherent and hard to decipher as it is not in chronological order and repeats numerous irrelevant factual allegations. Plaintiff presents vague and conclusory allegations of claims that are not related and span over a period of several years. Indeed, Plaintiff states, "I have been abused physically, mentally and sexually dozens of times. Multiple California Department of Corrections and Rehabilitation employees have abused and harassed me. I do not have all the dates because the abuse is ongoing. This is not a once or twice incident. It is multiple and almost daily mistreatment, neglect, and deprivation of rights. The complaints and allegations are too numerous and happen too often to put into 25 pages of complaint.

…" (Am. Compl. at 3-4, ECF No. 19.)  The Court will provide Plaintiff with the applicable legal standards.

## III.

## DISCUSSION

**A.** **"Short and Plain Statement of the Claim"**

Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its " 'true substance, if any, is well disguised' " may be dismissed for failure to satisfy Rule 8. Hearns v. San Bernardino Police Dept., 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written ... prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming a dismissal with prejudice for failure to comply with Rules 8(a) and 8(e), finding that both the original complaint and an amended complaint were "verbose, confusing and conclusory").

Plaintiff's complaint does not comply with the standards of Rule 8. It is vague and confusing, failing to set forth the facts in a comprehensible manner.  Plaintiff's lengthy narrative does not clearly or succinctly allege facts against each of the named Defendants and it presents several unrelated claims.  As best the Court can decipher, Plaintiff is seeking to bring claims for excessive force, false allegations, denial of medical treatment, denial of access to the courts, due process violations, conspiracy, interference with legal mail, sexual abuse and harassment, and cover-up.  As stated in the Court's prior screening order, Plaintiff may not proceed in one action on a myriad of unrelated claims against different defendants. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A

1  against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated
2  claims against different defendants belong in different suits, not only to prevent the sort of morass [a
3  multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required
4  filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that
5  any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."  George v.
6  Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Although Plaintiff contends that he "abuse" is ongoing and
7  he wishes to raise all claims within one single action, he cannot do so under the applicable law.

8       Plaintiff's amended complaint does not contain a short and plain statement of Plaintiff's claims
9  sufficient to provide each defendant with notice of their alleged wrongful acts. See, e.g., Brazil v. U.S.
10 Dept. of Navy, 66 F.3d 192, 199 (9th Cir. 1995).  It does not separately state each claim but rather
11 jumbles together separate incidents and alleged injuries without identifying the specific rights that
12 would entitle him to relief.   As stated presently, the allegations and claims in the complaint
13 are vague, conclusory and lack sufficient particularity to allow the Court to determine whether the
14 claims are frivolous or fail to state a cognizable claim for relief.  The remainder of this screening order
15 will set forth the legal standards for the claims that Plaintiff has identified in his pleading and that
16 relate to the allegations that have been asserted.

17      **B.**     **Supervisory Liability**

18      Plaintiff seeks liability against two different Wardens, based solely on their supervisory roles.
19 However, liability may not be imposed on supervisory personnel for the actions or omissions of their
20 subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo
21 Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235
22 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002)

23      Supervisors may be held liable only if they "participated in or directed the violations, or knew
24 of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
25 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d
26 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the
27 official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional
28 rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d

1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." Waggy v. Spokane Cty. Wash., 594 F.3d 707, 713 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's conclusory statements, without factual support, are insufficient to state a cognizable claim of supervisory liability. See Iqbal, 556 U.S. at 678. Plaintiff has failed to allege facts to support that any supervisory Defendant participated in or directed the violations, or knew of the violations and failed to act to prevent them. Plaintiff also has failed to plead facts showing that any policy was a moving force behind the assault. See Willard v. Cal. Dep't of Corr. & Rehab., No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation.").

**C. Excessive Force**

Although Plaintiff presents several instances in which he alleges excessive force was used on him, Plaintiff's allegations fail to demonstrate that Defendants used force maliciously and sadistically to cause Plaintiff harm, rather than in a good-faith effort to maintain or restore discipline. Indeed, Plaintiff does not provide what if any reasons were given by Defendants for their actions, whether Defendants engaged in other conduct to defuse the use of force, how much force was used, or why Plaintiff believes the amount of force was excessive. Although The facts as alleged fail to give rise to a plausible inference that the actions of Defendants were malicious and sadistic for the purpose of causing harm to Plaintiff. While use of force after Plaintiff is handcuffed may show that force was used and could have been excessive, Plaintiff fails to provide specific factual allegations explaining

5

the events and circumstances that led up to the alleged use of force. Consequently, Plaintiff has failed to state a cognizable claim for excessive force in violation of the Eighth Amendment. In addition, the several excessive force claims presented in the amended complaint are not related and cannot proceed in a single action.

### E. False Allegations

Plaintiff claims that some of the Defendants wrote false disciplinary reports against him. This allegation, even if true, does not raise a constitutional claim because there is no due process right to be free from false charges. The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, Plaintiff fails to state a due process claim for false information being reported against him.

### F. Denial of Medical Treatment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the

defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (citation omitted).

"A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (citation and internal quotation marks omitted). "Indications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014).

Plaintiff claims that officials refused him medical treatment is vague and conclusory to state a plausible claim for deliberate indifference. First, Plaintiff has failed to alleges facts to support a plausible claim that he suffered a serious medical condition. Second, Plaintiff has not identified any Defendant specifically connected with this claim nor has Plaintiff alleged how individual Defendants participated in the deprivation of Plaintiff's constitutional rights. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support Plaintiff's claim. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### G. Denial of Access to Court

Inmates have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 354 (1996). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977) limited by Lewis, 518 U.S. at 351, 354-56. To establish a violation of the right of access to the courts, an inmate must establish that they suffered an actual injury. Lewis, 518 U.S. at 349, 351-52. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348 (internal quotation marks omitted). Delays in

providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." Id. at 362; see also Christopher v. Harbury, 536 U.S. 403, 415, 417 (2002) (where a prisoner asserts a backward-looking denial of access claim—one seeking a remedy for a lost opportunity to present a legal claim—they "should state the underlying claim in accordance with [Rule] 8(a) ....") (analyzing the right to access the courts in the context of a Bivens action).

It is not enough to simply state a claim for denial of access to courts for Plaintiff to allege that he lacked paper and envelopes. Rather, Plaintiff must also set forth factual allegations showing that defendants' "acts or omissions 'hindered his efforts to pursue a [non-frivolous] legal claim.' " Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009) (quoting Lewis, 518 U.S. at 351 (alteration in original)). Plaintiff does not describe what actual injury he suffered by not being able to present those documents. Nor does Plaintiff allege that he was prevented from filing a nonfrivolous a direct criminal appeal, habeas corpus proceedings, or civil rights action. Casey, 518 U.S. at 353 n.3, 354-55. Plaintiff's conclusory claim that he was denied access to the law library is insufficient to give rise to a cognizable claim for denial of access to the courts. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### H.  Due Process Violation

Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff *v.* McDonnell, 418 U.S. 539, 556 (1974). "However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985). In addition, procedural due process requires that the findings of the prison disciplinary board be supported by "some evidence" in the record. Id.

To the extent Plaintiff contends that he was denied witnesses with regard to his disciplinary violations, he has failed to allege facts sufficient to establish that he was not provided

the procedural due process protections set forth in Wolff during the resulting disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 564–71 (1974) ("Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken.")

### I. Conspiracy

Conspiracy under § 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (internal quotation marks omitted) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)), and that an " 'actual deprivation of his constitutional rights resulted from the alleged conspiracy,' " Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989) ). " 'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.' " Franklin, 312 F.3d at 441 (quoting United Steelworkers, 865 F.2d at 1541). A plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights. Miller v. Cal. Dep't of Soc. Servs., 355 F.3d 1172, 1177 n.3 (9th Cir. 2004) (citing Woodrum, 866 F.2d at 1126). The mere statement that defendants "conspired" or acted "in retaliation" is not sufficient to state a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted) (discussing conspiracy claim under § 1985); Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (citation omitted) ).

Plaintiff's allegations of conspiracy under § 1983 fail to state a claim because his allegations are conclusory and merely speculative. Plaintiff does not provide any specific facts that show that any of the Defendants had an agreement to retaliate against him or otherwise violate his constitutional

rights. There is absolutely no indication of any agreement between any of the Defendants. Therefore, Plaintiff fails to state a claim for conspiracy.

### J. Interference with Legal Mail

Prisoners have " 'a First Amendment right to send and receive mail,' but prison regulations may curtail that right if the 'regulations are reasonably related to legitimate penological interests.' " Nordstrom v. Ryan, 856 F. 3d 1265, 1272 (9th Cir. 2017) (quoting Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam)). However, a temporary delay or isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (as amended); Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990), affirmed in part by Parks v. Wren, 651 Fed.Appx. 597, 2016 WL 3079709 (9th Cir. June 1, 2016) (affirming dismissal of plaintiff's access-to-courts claim); Watkins v. Curry, No. C 10-2539 SI (pr), 2011 WL 5079532, at *4 (N.D. Cal. Oct. 25, 2011) (finding that an isolated incident of mail mishandling, without evidence that the delay was based on the content of the letter or that the one-year delay was purposeful, fails to show First Amendment violation).

Plaintiff alleges that Defendants have interfered with his legal mail, but he fails to provide sufficient factual detail for the Court to determine whether he states a cognizable claim for relief. Plaintiff's conclusory allegations that his legal mail was opened, read, delayed, and not delivered to the recipients are devoid of specific facts to raise a plausible inference that his constitutional rights were violated.  Therefore, Plaintiff fails to state a claim for interference with his outgoing institutional mail under the First Amendment.

### K. Sexual Assault/Harassment

Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth Amendment. Wood v. Beauclair, 692 F.3d 1041, 1046, 1051 (9th Cir. 2012) (citing Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)). In evaluating such a claim, "courts consider whether 'the official act[ed] with a sufficiently culpable state of mind' "—the subjective component—"and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation"—the

objective component. Wood, 692 F.3d at 1046 (alteration in original) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)).

///

As recently stated by the Ninth Circuit, "sexual assault serves no valid penological purpose ... where an inmate can prove that a prison guard committed a sexual assault, we presume the guard acted maliciously and sadistically for the very purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020) (citing Wood, 692 F.3d at 1050; Schwenk, 204 F.3d at 1196 n.6). "Any sexual assault is objectively 'repugnant to the conscience of mankind' and therefore not de minimis for Eighth Amendment purposes." Bearchild, 947 F.3d at 1144 (quoting Hudson, 503 U.S. at 10).

A viable sexual assault claim is established if the inmate can prove that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner. Bearchild, 947 F.3d at 1144.

That said, the protections of the Eighth Amendment do not extend to all forms of sexual harassment. Allegations of sexual harassment that do not involve touching have routinely been found 'not sufficiently serious' to sustain an Eighth Amendment claim. Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) (upholding dismissal of claim premised on allegations that correctional officer unzipped his pants and exposed his penis to an inmate from inside control booth); accord Somers v. Thurman, 109 F.3d at 624 ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd."). Verbal harassment may violate the Constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); Patrick v. Hernandez, No. 2:17-cv-1206 MCE CKD P, 2018 WL 5095130, at *2 (E.D. Cal. Oct. 17, 2018) (denying cognizable claim where defendants gawked at plaintiff in a manner that suggested they wanted him to expose himself.); Bearchild, 947 F.3d at 1144 ("[T]here are

11

1 occasions when legitimate penological objectives within a prison setting require invasive
2 searches."); Grummet v. Rushen, 779 F.2d 491, 495 (9th Cir. 1985) ("[R]outine pat-down searches,
3 which include the groin area, and which are otherwise justified by security needs, do not violate" the
4 Constitution).

5     Here, Plaintiff states only that he sexually assaulted.  However, his complaint is devoid of the
6 alleged factual circumstances surrounding the assault.  Without such factual details, the Court cannot
7 determine whether Plaintiff's claim is frivolous or plausible.  Accordingly, Plaintiff fails to state a
8 cognizable claim for relief.

### L. Cover-up

Plaintiff alleges that Defendants conspired to cover up their acts against Plaintiff. To the extent that Plaintiff attempts to raise a cover-up claim, it is premature. Allegations that officials engaged in a cover-up state a constitutional claim only if the cover-up deprived a plaintiff of his right of access to courts by causing him to fail to obtain redress for the constitutional violation that was the subject of the cover-up. Dell v. Espinoza, No. 116CV1769MJSPC, 2017 WL 531893, at *6–7 (E.D. Cal. Feb. 7, 2017) (citing Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 625 (9th Cir. 1988) (cover-up "allegations may state a federally cognizable claim provided that defendants' actions can be causally connected to a failure to succeed in the present lawsuit.")); Rose v. City of Los Angeles, 814 F. Supp. 878, 881 (C.D. Cal. 1993).

A cover-up claim is premature when, as here, Plaintiff's action seeking redress for the underlying constitutional violations remains pending. See Karim-Panahi, 839 F.2d at 625 (claim alleging police cover-up of misconduct was premature when action challenging misconduct was pending); Rose, 814 F. Supp. at 881 ("Because the ultimate resolution of the present suit remains in doubt, [p]laintiff's cover-up claim is not ripe for judicial consideration.") Therefore, Plaintiff fails to state a claim against any of the Defendants for covering up their wrongdoing against Plaintiff.

### M. Verbal Threats

To the extent Plaintiff contends that certain Defendants threatened him, Plaintiff is advised that verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional

violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Therefore, any claim that Defendants verbally threatened or harassed Plaintiff is sufficient to give rise to a claim for relief.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff fails to state a cognizable claim for relief and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiff is advised again that he cannot bring unrelated claims in this single action, and he must present only related claims in any amended complaint. Plaintiff is advised that claims are not related simply because they arise from multiple instances of the same type of misconduct. In order to state a cognizable claim, Plaintiff must either plead facts demonstrating how his claims are related or he must file a separate complaint for each unrelated claim against different defendants. If Plaintiff chooses to file an amended complaint that does not comply with Rules 18(a) and 20(a)(2), all unrelated claims and Defendants will be subject to dismissal.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;

3. Plaintiff's second amended complaint shall not exceed twenty-five (25) pages in length; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: __**June 8, 2022**__

UNITED STATES MAGISTRATE JUDGE