UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>D. CASTILLO, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-00002-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF No. 30) |

Plaintiff Jared Andrew Martin is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third amended complaint, filed July 20, 2022.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff contends that he has several witnesses who have observed the misconduct against him. The excessive force happened more than once, and officer Castillo sexually "felt on me" more than once. Castillo "raided" his cell for no reason other than to harass him. Officer Castillo "interfered" with Plaintiff's medical cares over a dozen times. Warden Christian Pfeiffer knew because Plaintiff told him to his face and wrote him letters. Plaintiff also wrote Secretary Kathleen Allison several times and received communications from her office saying exhaust the remedies and sue. The City of Delano and County of Kern policies have allowed officer Castillo to brutalize Plaintiff. Plaintiff states, "I was beaten, abused, sexually assaulted by correctional officers." "Officer Castillo has played around and with my ass area more than once, played around my private front parts more than once, tried to make me take my clothes off and naked more than once."

## III.

## DISCUSSION

### A. Excessive Force

Here, Plaintiff's claim that Defendant Castillo used excessive force by pushing him into a gate and squeezing and twisting his arm is devoid as to any facts or circumstances attendant to the use of force event.

A conclusory allegation of force as "unnecessary/excessive" that is unsupported by any facts is insufficient to state a claim under section 1983. Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations are not adequate to support a cause of action. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id. This Court cannot read into the second amended complaint unpled facts.

As set forth above, Federal Rule of Civil Procedure 8 requires a complaint contain sufficient factual detail to allow the Court to reasonably infer that Defendant Castillo is liable for using excessive force. Plaintiff fails to allege any surrounding facts which suggest that the force was not applied in a good faith effort to maintain or restore discipline. The mere claim that "excessive force" was used is a legal conclusion. Where Plaintiff has failed to plead such facts, this Court cannot reasonably infer that Plaintiff can prove such facts. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Based on requisite pleading standards and governing precedent, Plaintiff's third amended complaint fails to state a cognizable Eighth Amendment claim for excessive use of force. While Plaintiff contends his arm was twisted and he was slammed to the ground, he fails to provide facts as to what, if anything, prompted the incident and there is simply no factual background leading up the alleged incident. Accordingly, the Court cannot determine there was no legitimate penological interest in the alleged use of force or that the force was used out of proportion of the need. The appropriateness of the use of force is determined by the facts and circumstances of each particular case. Michenfleder v. Summer, 860 F.2d 328, 335 (9th Cir. 1988). Accordingly, Plaintiff fails to state a cognizable claim for relief.

///

3

**B.  Sexual Assault**

To state a cognizable sexual assault claim, a plaintiff must plead facts indicating that "a prison staff member, acting under color of law and without legitimate penological justification, touched [him] in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading or demeaning the prisoner." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020).

When evaluating a prisoner's sexual assault claim against a corrections officer, courts should consider "whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Johnson v. Frauenheim, No. 1:18-cv-01477-AWI-BAM (PC), 2021 WL 5236498, *11 (E.D. Cal. Nov. 10, 2021) (findings and recommendations adopted by Johnson v. Frauenheim, 2021 WL 5982293 (E.D. Cal. Dec. 17, 2021)) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

As with the prior complaints, the third amended complaint is devoid of any facts to support a claim of sexual assault other than Plaintiff's claim that officer Castillo "played around and with my ass area more than once, played around my private front parts more than once, tried to make me take my clothes off and naked more than once."  Plaintiff offers no facts as to the length of the touching, the manner of the touching, or any other facts to indicate that he was touched in a sexual manner that exceeded the scope of actions required by the correctional officer. Cf. Johnson, 2021 WL 5236498, *11 (finding that plaintiff did not establish a sexual assault claim where he failed to allege that any touching to his genitalia was anything more than brief); Berryhill v. Schriro, 137 F.3d 1073 (8th Cir. 1998) (finding that plaintiff did not establish a sexual assault claim when there were two brief touches to plaintiff's buttocks which were not accompanied by any sexual comments or banter). Finally, the third amended complaint contains no facts which indicate the correctional officer touched Plaintiff out of the correctional officer's own sexual gratification or for the purposes of humiliating, degrading or demeaning Plaintiff.  Consequently, Plaintiff has not stated a cognizable claim of sexual assault.

**C.  Cell Searches/Confiscation of Property**

Plaintiff's Fourth Amendment claim fails as a matter of law because Plaintiff does not have a right to be free from the search and seizure of his personal property. Hudson v. Palmer, 468 U.S. 517,

4

1  536 (1984); Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989) ("Lawful incarceration necessarily
2  entails limitations upon many of the rights enjoyed by ordinary citizens. Hudson, 468 U.S. at
3  524; Pell, 417 U.S. at 822. An inmate's Fourth Amendment rights are among the rights subject to
4  curtailment. In particular, the Fourth Amendment does not protect an inmate from the seizure and
5  destruction of his property. Id. at 528 n. 8. It is well-settled that a state prisoner has no reasonable
6  expectation of privacy in his cell and is not entitled to Fourth Amendment protection against
7  unreasonable searches and seizures. See id. at 527-28; Nakao v. Rushen, 766 F.2d 410, 412 (9th
8  Cir.1985).
9         Inmates who have been afforded the opportunity to possess personal property in prison may
10 claim that prison officials have confiscated or destroyed their property without due process.
11 Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the
12 deprivation of a significant property interest. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S.
13 1, 19 (1978). However, neither the negligent nor intentional deprivation of property states a due
14 process claim under § 1983 if the deprivation was random and unauthorized. See Parratt v. Taylor, 451
15 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on
16 other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517,
17 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-
18 deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural
19 due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and
20 therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation
21 hearing or common law tort remedy for erroneous deprivation satisfies due process). California law
22 provides such an adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th
23 Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Here, Plaintiff alleges that the damage and loss to his
24 personal television was random and unauthorized. As such, the availability of an adequate state post-
25 deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural
26 due process. See Zinermon, 494 U.S. at 128. Accordingly, Plaintiff fails to state a cognizable claim
27 for any alleged loss of his personal property as he may pursue this claim in state court.
28 ///

#### D.     Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (citation omitted).

"A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (citation and internal quotation marks omitted). "Indications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014).

Plaintiff's conclusory claim that Defendant Castillo "interfered" with his medical care does not meet either the objective or subjective component of a deliberate indifference claim. Accordingly, Plaintiff has failed to state a cognizable claim for relief.

#### E.     Supervisory Liability

Plaintiff seeks liability against Warden Pfeiffer and Secretary Allison, based solely on their supervisory roles. However, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002)

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d

554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." Waggy v. Spokane Cty. Wash., 594 F.3d 707, 713 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's conclusory statements, without factual support, are insufficient to state a cognizable claim of supervisory liability. See Iqbal, 556 U.S. at 678. Plaintiff has failed to allege facts to support that any supervisory Defendant participated in or directed the violations, or knew of the violations and failed to act to prevent them. Plaintiff also has failed to plead facts showing that any policy was a moving force behind the assault. See Willard v. Cal. Dep't of Corr. & Rehab., No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation.").

### F. City of Delano and County of Kern as Defendants

City or county governments, including departments within them such as the Sheriff's Department, cannot be held liable under section 1983 for the acts of an employee. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978).  In order to state a section 1983 claim against the City or County as a whole, plaintiff would have to allege that a department policy or custom caused his injuries. Hyun Ju Park v. City & Cty. of Honolulu, 952 F.3d 1136, 1141 (9th Cir. 2020). This could be demonstrated by an unconstitutional policy, or that the department "through

7

inaction, failed to implement adequate policies or procedures to safeguard" the constitutional rights of jail detainees. Id. In order to hold the sheriff's department liable for a failure to act, plaintiff would need to demonstrate that the department "exhibited deliberate indifference" to the violation of his rights. Id. A municipality is deliberately indifferent to the violation of constitutional rights where it has a policy that is "obviously, facially deficient," or where there is a "pattern of prior, similar violations of federally protected rights, of which the relevant policymakers had actual or constructive notice." Id. at 1142.

> A municipal entity may be held liable under § 1983 only if Plaintiff alleges facts sufficient to plausibly show that he was deprived of a constitutional right by individually identified employees who acted pursuant to the municipality's policy or custom. Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 280 (1977); Monell v. Dep't of Social Servs, 436 U.S. 658, 691 (1978); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 964 (9th Cir. 2008).

Neither the City of Delano nor the County of Kern may be held vicariously liable under § 1983 simply because one of its employees is alleged to have acted wrongfully. See Board of Cty. Comm'rs. V. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691 ("[A] municipality cannot be held liable solely because it employs a tortfeasor."); Jackson v. Barnes, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts [a constitutional] injury." Monell, 436 U.S. at 694; Los Angeles Cty., Cal. v. Humphries, 562 U.S. 29, 36 (2010). While Plaintiff contends that officer Castillo's actions were the result of a policy by the City of Delano and County of Kern, Plaintiff's third amended complaint devoid of facts that would support a claim of municipal liability as to either the City of Delano or County of Kern.

### G.     Further Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-

06. Here, Plaintiff's allegations fail to state a cognizable constitutional claim even after several amendments. Thus, further leave to amend would be futile. Accordingly, Plaintiff's third amended complaint should be dismissed without leave to amend.

### IV.

### ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court is directed to assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 26, 2022**

UNITED STATES MAGISTRATE JUDGE

9