UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>D. CASTILLO,<br><br>        Defendant. | No.  1:22-cv-00002-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE<br><br>(Doc. No. 32) |

      Plaintiff Jared Andrew Martin is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On August 2, 2022, plaintiff filed a motion to disqualify the assigned magistrate judge.  (Doc. No. 32.)

      A party may seek recusal/disqualification of a judge based on bias or prejudice. Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.  The party's affidavit shall state the facts and the reasons for the belief that bias, or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.

/////

It shall be accompanied by a certificate of counsel of record stating that it is made in good faith. *See* 28 U.S.C. § 144.

The standard for recusal under 28 U.S.C. § 144 ("§ 144") is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source. *Id.* "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Instead, the judicial rulings are a basis for appeal, not recusal. *Id.* ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal."); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citations omitted). Further, § 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. *See* 28 U.S.C. § 144. If the affidavit is legally insufficient, then recusal can be denied. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995).

Here, plaintiff argues that the assigned magistrate judge has acted "as an advocate for corruption, abuse, torture behavior." (Doc. No. 32 at 1.) Plaintiff has provided absolutely no evidence that would cause the undersigned any reason to believe that the magistrate judge was biased or prejudiced against plaintiff in any way. *Liteky v. United States*, 510 U.S. at 555 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.").

/////

Accordingly, plaintiff's motion to disqualify the assigned magistrate judge (Doc. No. 32) is denied.

IT IS SO ORDERED.

Dated: __**August 5, 2022**__                           *Dale A. Drozd*
                                                        UNITED STATES DISTRICT JUDGE

3